UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STICKLER,<br><br>              Plaintiff,<br>v.<br><br>IMMIGRATION,<br><br>              Defendant. | Civil No. 12-cv-0616-JAH (KSC)<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL AS MOOT** |

      Plaintiff, a non-prisoner appearing pro se, filed a complaint along with motions to proceed in forma pauperis and for appointment of counsel. (Dkt. Nos. 1, 2, 3.)

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

      Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or

seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915 mandates that a court reviewing a complaint filed pursuant to the in forma pauperis provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures, Rule 4(c)(2). Lopez, 203 F.3d at 1127.

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pled, the Court finds Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's complaint consists of a single paragraph stating in

full: "Specific relief granted requesting restraining order for Immigration because he threatened with custody if I stood in the Sentri line. I've showed disabled papers. Specific relief to be able to go through the line because of the leg injury."

This Court's review of the complaint reveals that no allegations in Plaintiff's complaint can be reasonably construed as presenting a cognizable claim for relief. Therefore, the complaint must be dismissed sua sponte pursuant to section 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Because the complaint must be dismissed, Plaintiff's request to proceed in forma pauperis and motion for appointment of counsel are moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The instant complaint is **DISMISSED WITHOUT PREJUDICE**; and
2. Plaintiff's motions to proceed in forma pauperis and for appointment of counsel are **DENIED AS MOOT**.

Dated: April 11, 2012

JOHN A. HOUSTON
United States District Judge